IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

CASE NO.: _____

| | |
|---|---|
| Josefina Rivera, Individually, and as Parent and Natural Guardian of J.R, a Minor,<br><br>    Plaintiff,<br>v.<br><br>United States Postal Service,<br><br>    Defendant. | 3:24-cv-06609-MGL<br><br>**COMPLAINT**<br>**(JURY TRIAL DEMANDED)** |

**COMES NOW**, Josefina Rivera, Individually, and as Parent and Natural Guardian of J.R., a Minor, hereinafter known as Plaintiff, by and through her undersigned attorneys, and files this negligence action for tortious acts and violations of the Federal Motor Carrier Safety Regulations committed by the United States Postal Service, hereinafter known as Defendant, as more fully set forth herein, and would respectfully show unto this Court as follows:

### PARTIES, JURISDICTION AND VENUE

1. The Plaintiff, Josefina Rivera (hereinafter "Plaintiff"), is a resident and citizen of Saluda County, South Carolina.

2. J.R., a Minor (hereinafter "J.R."), is a resident and citizen of Saluda County, South Carolina.

3. Plaintiff is the mother and natural guardian of J.R.

4. Upon information and belief, the United States is a proper defendant under the provisions of 28 U.S.C. § 1346 (the Federal Tort Claims Act), hereinafter referred to as the FTCA. Pursuant to the FTCA, the United States is subject to suit "for injury or loss of property, or

personal injury or death, caused by the negligent or wrongful act or omission of any employee of the government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred."

5. This Court has jurisdiction of the matter pursuant to 28 U.S.C § 1346(b)(1).

6. The acts and omissions which are the subject of this complaint occurred in the District of South Carolina, in Richland County, South Carolina and involved a motor vehicle owned and operated by Defendant United States Postal Service (hereinafter "Defendant").

## FACTUAL BACKGROUND

7. Each and every allegation set forth above in this Complaint is re-alleged and incorporated herein by reference.

8. On December 18, 2022, Plaintiff and J.R. were traveling northbound on US Hwy 1 near the city of West Columbia, South Carolina.

9. At this time, a third party, Omar Hussain, was attempting to turn left off of US Hwy 1 onto a private drive.

10. Also at this time, Enrique Mendoza, an employee of Defendant operating a USPS delivery vehicle, was attempting to drive southbound on US Hwy 1.

11. Enrique Mendoza attempted to unlawfully pass the surrounding traffic by using the median as a driving lane at approximately 45 miles per hour.

12. Enrique Mendoza collided head on with Omar Hussain's vehicle as a result of this unlawful passing and use of the median.

13. Omar Hussain's vehicle then spun out as a result of this impact and collided with Plaintiff's vehicle.

14. As a direct and proximate result of the collision, Plaintiff and J.R. both suffered significant personal injuries.

15. As a direct and proximate result of the collision, Plaintiff and J.R. endured, endures and will continue to endure severe damages, including, but not limited to, excruciating pain and suffering, shock, fright, past and future medical expenses, past and future lost wages, lost earning capacity, loss of enjoyment of life, mental anguish and emotional distress.

16. As a direct and proximate result of the collision, Plaintiff endured, endures and will continue to endure severe property damages, including, but not limited to, reasonable costs to repair the damage to Plaintiff's vehicle, towing fees, vehicle storage fees, reasonable loss of use of the vehicle and diminution of value of the vehicle.

17. Plaintiff and J.R. have suffered damages in an amount to be determined by Court or jury. Plaintiff is informed and believes she is entitled to damages, both individually and on behalf of J.R., for the injuries sustained, all of which have been caused by Defendant.

18. Upon information and belief, at the time of the collision, Enrique Mendoza was employed by or acting as an agent for Defendant.

19. Upon information and belief, at the time of the collision, Enrique Mendoza was acting within the course and scope of his employment or agency with Defendant and was furthering the business interests of Defendant.

20. As such, based on the doctrine of *Respondeat Superior*, Defendant is liable for the negligence and gross negligence of Enrique Mendoza and the resulting damages incurred by Plaintiff and J.R.

21. Plaintiff, individually and on behalf of J.R., filed a Form 95 Claim with the USPS Tort Claims Office and provided related medical records and bills, as well as related property

damage documentation, on or about May 8, 2024. As of today's date, Plaintiff has not received a response from the USPS Tort Claims Office in regards to this matter.

### FIRST CAUSE OF ACTION
**(Negligence / Gross Negligence)**

22. Plaintiff incorporates by reference all preceding paragraphs and allegations of this Complaint as though fully set forth herein.

23. Defendant owed the motoring public, including Plaintiff and J.R., a duty to exercise reasonable care in operating the motor vehicle in a safe and reasonable manner.

24. Defendant breached said duty of care owed to Plaintiff and J.R. through his negligent, grossly negligent, reckless, willful, and wanton acts and/or omissions, thereby creating an unreasonable risk of harm and danger to Plaintiff and J.R., in the following particulars, to wit:

   a. In driving the motor vehicle too fast for conditions of the road, thus causing the collision;

   b. In using the roadway improperly by unlawfully driving in the median;

   c. In attempting to unlawfully pass surrounding traffic by using the median as a roadway;

   d. In failing to control his vehicle so as to avoid a collision, in violation of the requirements of ordinary care and diligence;

   e. In failing to maintain a proper lookout;

   f. In failing to avoid colliding with Plaintiff's vehicle through a failure to reasonably operate the vehicle in a safe condition;

   g. In failing to maintain a reasonable speed;

    h. In operating his vehicle with reckless disregard for the safety of other persons and vehicles on the road; and

    i. Any other ways as shall be added by amendment or to be shown at trial.

25. As a direct and proximate result of Defendant's aforesaid negligent, grossly negligent, reckless, willful and wanton acts and/or omissions, Plaintiff and J.R. have suffered bodily injuries which have caused and will in the future cause them to endure great physical pain, suffering, loss of enjoyment of life, mental anguish, emotional distress, shock and fright and have caused and will continue to cause Plaintiff to incur expenses for medical services.

26. As a direct and proximate result of Defendant's aforesaid negligent, grossly negligent, reckless, willful and wanton acts and/or omissions, Plaintiff endured, endures and will continue to endure severe property damages, including, but not limited to, reasonable costs to repair the damage to Plaintiff's vehicle, towing fees, vehicle storage fees, reasonable loss of use of the vehicle and diminution of value of the vehicle.

27. Due to Defendant's grossly negligent, reckless, willful and wanton acts and/or omissions, Plaintiff is entitled to judgment against Defendant for actual, compensatory, exemplary and punitive damages for personal injuries and property damage set forth herein in an amount that is fair, just, and reasonable under the circumstances, plus whatever costs, interest, and attorney's fees that Plaintiff may be entitled to receive, to be determined by a jury.

## FOR A SECOND CAUSE OF ACTION
### (Negligence *per se*)

28. Plaintiff incorporates by reference all preceding paragraphs and allegations of this Complaint as though fully set forth herein.

29. The tortious acts and omissions committed by Defendant, which caused the subject collision and resulting injuries, include, but are not limited to, the following:

    a. Failing to abide to traffic laws, in violation of S.C. Code § 56-5-730;

    b. Driving too fast for conditions, in violation of S.C. Code § 56-5-1520(A);

    c. Failing to use due care while driving, in violation of S.C. Code § 56-5-3230;

    d. Operating the vehicle with reckless disregard for the safety of other persons on the roadway, in violation of S.C. Code § 56-5-2920; and

    e. Such other specifications of negligence as shall be added by amendment or proven at trial.

30. Defendant's violation(s) of the above-referenced statutes constitutes negligence *per se* and is the direct and proximate cause of the subject collision and Plaintiff and J.R.'s resulting personal injuries and property damage.

31. All of Plaintiff and J.R.'s injuries, shock, fright and mental and physical pain and suffering that are being claimed were solely and proximately caused by the tortious acts and omissions of Defendant.

32. Plaintiff is entitled to recover all the specific, general and punitive damages suffered due to Defendant's negligence *per se*.

## FOR A THIRD CAUSE OF ACTION
### (Negligent Hiring, Training, Supervision and Retention)

33. Plaintiff incorporates by reference all preceding paragraphs and allegations of this Complaint as though fully set forth herein.

34. Defendant failed to exercise ordinary care in the selection of Enrique Mendoza to carry out its business purpose, failed to train and supervise him in a proper manner and continued to retain him as a driver despite the fact that Defendant knew or should have known in the course of ordinary care that Enrique Mendoza was not suited or competent to drive a truck for Defendant.

35. Defendant's negligent hiring, training, supervision, and retention of Enrique Mendoza created an undue risk of harm to the public and was a proximate cause of Plaintiff and J.R.'s injuries and damages.

36. Accordingly, Plaintiff is entitled to recover all the specific and general damages they suffered due to Defendant's negligent hiring, training, supervision, and retention of Enrique Mendoza.

### FOR A FOURTH CAUSE OF ACTION
(Negligent Entrustment)

37. Plaintiff incorporates by reference all preceding paragraphs and allegations of this Complaint as though fully set forth herein.

38. Defendant created an undue risk of harm to the public when it negligently entrusted Enrique Mendoza with the operation of the vehicle at issue to carry out its business interests with knowledge that Enrique Mendoza would be likely to use the vehicle in a manner involving unreasonable risk of physical harm to others whom Defendant should have expected to be endangered by its use.

39. Defendant's negligent entrustment of the subject vehicle was a proximate cause of Plaintiff and J.R.'s injuries and damages.

40. Defendant is liable for the acts and/or omissions of Enrique Mendoza and the resulting damages sought by Plaintiff based on Defendant's negligent entrustment of its vehicle to Enrique Mendoza.

### FOR A FIFTH CAUSE OF ACTION
(Violation of Federal Regulations – Defendants FedEx and Beck)

41. Plaintiff incorporates by reference all preceding paragraphs and allegations of this Complaint as though fully set forth herein.

42. Defendant had a duty to promulgate and enforce rules and regulations to ensure its drivers and vehicles were reasonably safe, and it negligently failed to do so.

43. The provisions of 49 CFR §301-399, commonly referred to as the "Federal Motor Carrier Safety Regulations" or "FMCSR" are applicable to this case, and Defendant and Enrique Mendoza were required to obey these regulations at the time of this collision and at all relevant times prior to the collision.

44. At all times relevant to this cause of action, Defendant and Enrique Mendoza were subject to and required to obey the minimum safety standards established by the Federal Motor Carrier Safety Regulations (FMCSR) (49 CFR §301-399).

45. Defendant, through its agents and employees, knew, or should have known by exercising reasonable care, about the risks set forth in this complaint and that, by simply exercising reasonable care, these risks would be reduced or eliminated. These risks include, but are not limited to:

   a. The risks associated with unsafe drivers;

   b. The risks associated with failing to train drivers to obey the FMCSR;

   c. The risks associated with failing to have adequate risk management policies and procedures in place;

   d. The risks associated with failing to have policies and procedures in place to identify undertrained and unqualified drivers;

   e. The risks associated with failing to identify from prior wrecks, similar to the one in question, a root cause and implement policies, procedures, protocols, and practices to effectively reduce or eliminate the risk prior to the wreck in question;

    f. The risks associated with failing to appropriately implement and enforce risk management policies and procedures to identify the risks described above;

    g. The risks associated with failing to appropriately implement and enforce risk management policies and procedures to reduce and eliminate the risks described above;

    h. The risks associated with failure to appropriately implement and enforce risk management policies and procedures to monitor and assess Enrique Mendoza once he was hired;

    i. The risks associated with failing to implement and follow a written safety plan; and

    j. The risks associated with failing to use the composite knowledge reasonably available to Defendant to analyze the data available to it to identify the risks, take steps to reduce or eliminate those risks, and to protect members of the public from those risks.

46. At all times relevant hereto, Defendant was acting by and through its employees/agents, and is responsible for the acts of those employees and agents as set forth in the FMCSR, or similar theory of law. Defendant violated provisions of the FMCSR, including, but not limited to 49 C.F.R. § 390.11, which constitutes negligence *per se*.

47. Defendant's negligence, either solely or combined and concurring with the negligent acts of Enrique Mendoza, was the proximate cause of the injuries and damages sustained by Plaintiff and J.R.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment against Defendant in a sum sufficient to adequately compensate for actual damages, for such punitive damages as a jury may reasonably award, for the costs of this action, and for such other and further relief as this Court may deem just and proper.

Respectfully submitted this 19th day of November, 2024.

                        Respectfully Submitted,

                        WALKER LAW, LLC

                        s/ William P. Walker, III
                        William P. Walker, III (Fed ID No. 11234)
                        135 E. Main Street
                        Lexington, SC  29072
                        (803) 359-6194
                        (803) 957-4584 Facsimile
                        will@walkerlaw.org

                        *Attorneys for Plaintiff*

Lexington, South Carolina
November 19, 2024.